**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GCIU – EMPLOYER RETIREMENT FUND, and | ) ) ) | |
| BOARD OF TRUSTEES OF THE GCIU – EMPLOYER RETIREMENT FUND, | ) ) ) | No. 4:24-mc-001120-SEP |
| Plaintiffs/Judgment Creditors, | ) ) | |
| v. | ) ) | |
| NATIONAL GRAPHICS, INC., *a Missouri corporation d/b/a IJ Technologies, Inc.* | ) ) ) ) | |
| Defendant/Judgment Debtor. | ) | |

## <u>MEMORANDUM AND ORDER</u>

Before the Court is Plaintiffs' Motion for Examination in Aid of Execution of Elizabeth Gould, Doc. [7].  For the reasons set forth below, the Court grants Plaintiff's motion.

### BACKGROUND

Plaintiffs filed this action on October 16, 2024, to collect on a default judgment issued against Defendant in the Central District of California.  Doc. [1].  On July 29, 2024, that court issued a default judgment in favor of Plaintiffs in the amount of  $2,354,525.10.  *Id.*  Plaintiffs now seek an order compelling Elizabeth Gould, in her capacity as President, Secretary, Treasurer, and Director of Defendant/Judgment Debor National Graphics, Inc., d/b/a/ IJ Technologies, Inc., to appear at an examination in aid of execution and to produce at said examination the documents listed in Plaintiff's supporting memorandum.  Doc. [6].  According to Plaintiffs, they have been unable to collect the judgment balance and Defendant/Judgment Debtor has failed to produce its books and records.  Doc. [7] ¶¶ 2-3, 5.  On August 1, 2025, Plaintiffs issued a notice of Sale on National Graphics' real estate located at 2711 Miami Street in St. Louis, set for September 2, 2025.  Doc. [5].  But the property did not sell.  Doc. [7] ¶ 5; Doc. [11] at 2.  Plaintiffs further state that they lack sufficient knowledge of Defendant/Judgment

Debtor's asserts to determine where and upon what to levy execution in order to satisfy the judgment." *Id.* ¶ 7.

## LEGAL STANDARD

Under Rule 69 of the Federal Rules of Civil Procedure, [a] money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution . . . must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). Rule 69 further provides, "[i]n aid of the judgment or execution, the judgment creditor . . . whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2).

## DISCUSSION

In their supporting memorandum, Plaintiffs request to conduct an examination under oath of Elizabeth Gould concerning any of the Defendant/Judgment Debtor's assets that may be executed upon and applied toward satisfaction of the Judgment and the location thereof. Doc. [7] ¶ 9. Defendant/Judgment Debtor opposes the request, arguing that Plaintiffs have not established that "there is reasonable ground to believe that such judgment debtor has property subject to execution," as required for such an examination under oath under § 513.380.1 of the Missouri Revised Statutes. But Defendant/Judgment Debtor admits in its opposition that it owns real estate located at 2711 Miami Street in St. Louis. *See* Doc. [11] at 2. The Missouri Supreme Court has held that the "principal purpose" of a judgment debtor's examination under § 513.380 "is to discover assets, to compel the defendant in the execution to disclose under oath all the assets of his estate . . . ." *State ex rel. Rowland Grp., Inc. v. Koehr*, 831 S.W.2d 930, 932 (Mo. banc 1992). The failure to sell the Defendant/Judgment Debtor's real property at the September 2, 2025, sheriff's sale does not mean that it has no value to satisfy the judgment. Doc. [12] at 3. According to Plaintiffs, the sheriff's sale was held at the courthouse for roughly ten minutes. *Id.*

Defendant/Judgment Debtor argues that the " catch-all list of documents far exceeds any documents that might reasonably be required to discover any alleged assets subject to execution." Doc. [11] at 4. But as Plaintiffs point out, courts routinely order judgment debtors to produce lists of documents more extensive than the present request. *See, e.g.*, *Kansas City Cement Masons Pension Fund v. Cierra Enterprises, LLC*, No. 22-00544-CV-W-BCW, 2025 WL 3500641 (W.D. Mo. Jan. 2, 2025) (judgment debtor must produce 29 categories of

2

documents); *States Res. Corp. v. Younger*, 2014 WL 912369, at *4 (W.D. Mo. Mar. 10, 2014) (Under Mo. Rev. Stat. § 513.380 et seq., "trial courts have statutory authority to compel the judgment debtor to appear and to produce documents relevant to the judgment debtor proceeding") (internal citations omitted).  In Missouri, the "determination of reasonableness of the requirement to produce documents rests within the sound discretion of the trial court." *Koehr*, 831 S.W.2d at 933.  The 14 categories of documents requested by Plaintiffs, Doc. [7] at 3-4, all fall squarely within the requirement for Defendant/Judgment Debtor to produce its books and records, as already ordered by the Central District of California.  Doc. [1].  Documents evincing real property, account ledgers, real property and financial interests, tax returns, and the other categories of documents requested are likely to help Plaintiffs discover assets to satisfy their judgment.  *Koehr*, 831 S.W.2d at 932.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Examination in Aid of Execution of Elizabeth Gould, Doc. [6], is **GRANTED**;

**IT IS HEREBY ORDERED** that Elizabeth Gould, on behalf of Defendant/Judgment Debtor, must appear at an examination in aid of execution to be conducted at such time and place as decided by Plaintiff; and

**IT IS FURTHER ORDERED** that Elizabeth Gould, on behalf of Defendant/Judgment Debtor, must produce at said examination the 14 categories of documents listed in Plaintiffs' memorandum, Doc. [7] at 3-4.

Dated this 15th day of May, 2026.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

3